UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF                                    CIVIL ACTION
SANDBAR I, INC., ET AL.
                                                    NO. 02-2251 c/w 02-3408

                                                    SECTION "C" (4)

## ORDER AND REASONS

Before the Court is Kellup Street's ("Mr. Street") Motion in Limine and Motion to Prohibit Defendants From Presenting Witness Testimony at Trial, Or in the Alternative, to Raise an Adverse Presumption Based Upon the Defendant's Failure to Produce Evidence Within Their Control. (Rec. Doc. 99.) Mr. Street requests that this Court bar the testimony and/or statements of Mr. Allen Eden ("Mr. Eden"), a witness to the incident that forms the basis of the lawsuit, from trial. Alternatively, Mr. Street requests this Court raise a presumption that, if Mr. Eden had been produced, his testimony would have been detrimental to the Defendants' case. Having considered the record, the memoranda, and the applicable law, the Court hereby DENIES the motion.

**I. Analysis**

On May 25, 2005, this Court entered a Scheduling Order, which set trial for April 10, 2006, and provided that all depositions shall be taken no later than February 20, 2006. (Rec.

Doc. 75.) No deposition of Mr. Allen Eden was taken, and now, Mr. Street seeks to bar the Defendants from using the testimony or statements of Mr. Eden at trial. Mr. Eden was a deckhand aboard the M/V LADY LAURA on January 6, 2001. (Rec. Doc. 114, Ex. 1 at 34-35.) Mr. Street states that, from January to April 2005, he has attempted to depose Mr. Eden. (Rec. Doc. 99, Exs.), and that Defendants F&L Marine Management, Inc. ("F&L"), the operator of the M/V Lady Laura on January 6, 2001, and Sandbar I, Inc. ("Sandbar"), the owner of the M/V Lady Laura on January 6, 2001, (collectively referred to as the "Defendants") have prevented the deposition of F&L's former employee. Mr. Street argues that, because the Defendants prevented the deposition of Mr. Eden (by not making him available for depositions and by not providing Mr. Street with Mr. Eden's contact information), they should be barred from using the testimony or any statements made by Mr. Eden at trial. (Rec. Doc. 99, Mem, In Supp. at 4-5; Rec. Doc. 121, Reply at 2.) Alternatively, Mr. Street argues that this Court raise a presumption that, if Mr. Eden had been produced, his testimony would have been detrimental to the Defendants' case.

In response, the Defendants state that it was not their obligation to produce Mr. Eden for deposition, because Mr. Eden was not employed by F&L at the time Mr. Street requested his deposition, and is not currently employed by F&L. The Defendants also argue that, because he was not employed by F&L, Mr. Eden was equally available to Mr. Street and the Defendants for deposition. The Defendants also correctly point out that Mr. Street did not attach a notice of deposition to its requests nor did he file a motion to compel the deposition of Mr. Eden. Based on the record shown, it does not appear as though Mr. Street has made other efforts to obtain the deposition of Mr. Eden aside from sending numerous letters to the Defendants' counsel between January and April 2005.

This Court agrees with the Defendants. While the Defendants' ignoring of Mr. Street's

requests was significantly lacking in common courtesy, Mr. Street did not avail himself of available mechanisms to compel the Defendants to timely respond. Without having made other efforts, Mr. Street cannot now argue that he was prejudiced by the Defendants' failure to produce Mr. Eden. *See, e.g., Brashear v. United States*, 138 F.Supp. 2d 786 (N.D. Tex. 2001) (sanctions barring witness testimony denied where movant made no efforts to compel defendants to answer interrogatories and made no objections to witness testimony at trial; holding the appropriate remedy for movant was to file a motion to compel defendants to answer interrogatories).

This Court does find, however, that if F&L or Sandbar intends to call Mr. Eden as a witness, they are to make him immediately available for deposition or else he may not be called.

For the foregoing reasons, IT IS ORDERED that Kellup Street's Motion in Limine and Motion to Prohibit Defendants From Presenting Witness Testimony at Trial, Or in the Alternative, to Raise an Adverse Presumption Based Upon the Defendant's Failure to Produce Evidence Within Their Control is DENIED.

New Orleans, Louisiana, this 17th day of March, 2006.

_____
Helen G. Berrigan
United States District Judge