UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>SANDBAR I, INC., ET AL. | CIVIL ACTION<br><br>NO. 02-2251 c/w 02-3408<br><br>SECTION "C" (4) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Kellup Street ("Mr. Street"), seeking that this Court dismiss Sandbar I, Inc.'s ("Sandbar") and F&L Marine Management, Inc's ("F&L Marine") request for limitation of liability. Having considered the record, the memoranda, and the applicable law, the Court hereby DENIES the motion.

## I. PROCEDURAL BACKGROUND

The procedural history of this case appears in the Court's February 6, 2006 denial of Mr. Street's Motion for Summary Judgment. (Rec. Doc. 97.) Mr. Street most recently filed this motion to dismiss against Sandbar, seeking that this Court deny Sandbar's limitation of liability proceeding.(Rec. Doc. 98.)

**II. STANDARD OF REVIEW**

Any motion made under Fed. Rule. Civ. Pro. 12(b) must be made before pleading if a further pleading is permitted, unless the failure to state a claim for which relief may be granted is pled as an affirmative defense in the answer. Thus, this Court finds that this motion should be treated as a motion brought under Fed. Rule Civ. Pro. 12(c).

When considering a motion to dismiss the pleadings, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.  *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993);  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). .  Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim.  *Id.* at 284-285 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss.  *See Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes,* 987 F.2d at 284).Further, a court must limit its "inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace*, 78 F.3d at 1017.

**III. ANALYSIS**

### Standing and Ownership of Vessel

In his Motion to Dismiss, Mr. Street argues that Sandbar has no standing to request a limitation of liability because its corporate charter is revoked. (Rec. Doc. 98 at 9-10.) However, as Sandbar correctly notes, the revocation of a corporate charter does not mean that the corporation ceases as a legal entity. *Delancey v. Chicago Ins. Co.*, 2004 WL 2694910, *2

(E.D.La. 2004). La. Rev. Stat. Ann. 12:163 specifically provides a corporation with a right to sue and be sued despite the revocation of a corporate charter. Thus, Mr. Street's argument has no merit.

With respect to Mr. Street's argument that Sandbar has no standing to institute a proceeding under the Limitation of Liability Act because Sandbar does not own the M/V LADY LAURA, this argument was raised and denied on Mr. Street's Motion for Summary Judgmnet. (Rec. Doc. 84; Rec. Doc. 97.) The Court declines to revisit its decision issued in Rec. Doc. 97.

### Bareboat Charter and Presumption

Mr. Street also argues that, because Sandbar and F&L Marine have not "articulated the terms" of a valid bareboat charter agreement, they cannot claim a limitation for the damages sustained by the plaintiff. Mr. Street also argues that because a written charter was allegedly destroyed, he should be entitled to the presumption that there was no charter in place or that the charter was actually a time charter. If this were so, Sandbar and F&L Marine would not be entitled to claim a limitation for damages.

A demise or bareboat charter is a contract whereby the owner of a vessel transfers full possession and control to the charterer. *See In re Griffin Marine, Inc.*, 2001 WL 936313, *2 ((E.D.La., 2001) (quoting *Agrico Chemical Co. v. M/V Ben W. Martin*, 664 F.2d 85, 91 (5th Cir.1981)). To create a demise charter, the owner must transfer complete "possession, command, and navigation of the vessel" to the charterer by written or verbal agreement. *Id* (quoting *Gaspard v. Diamond M. Drilling Co.*, 593 F.2d 605, 606 (5th Cir.1979)). The arrangement is "tantamount to, though just short of, an outright transfer of ownership." *Id.*

Because this Court cannot look to documents outside of the pleadings on Mr. Street's Motion to Dismiss, it must accept as true Sandbar's and F&L Marine's allegations in the

complaint that F&L Marine was the bareboat charterer and operator of the M/V LADY LAURA. (Rec. Doc. 1 at ¶ 2.) Moreover, it is irrelevant that Sandbar and F&L Marine were unable to produce a written bareboat charter agreement, as it is permissible for such agreements to be verbal. *See, e.g., Gaspard v. Diamond M. Drilling Co.*, 593 F.2d 605, 606 (5th Cir.1979). Mr. Street has presented no evidence that either Sandbar or F&L Marine purposefully destroyed evidence such that Mr. Street is entitled to a presumption that F&L Marine was not the bareboat charterer of the M/V LADY LAURA.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Kellup Street's Motion to Dismiss is DENIED.

New Orleans, Louisiana, this 17th day of March, 2006.

Helen G. Berrigan
United States District Judge